UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARLENDA LAWSON,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 1:20-CV-674-LY-SH |
| BAYLOR SCOTT & WHITE CLINIC,<br>ET AL,<br>*Defendants* | §<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2), Plaintiff's Motion for Appointment of Counsel (Dkt. 3), and Plaintiff's Complaint (Dkt. 1), all filed June 26, 2020. That same day, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Motion to Proceed *In Forma Pauperis*

Plaintiff Arlenda Lawson asks to file this lawsuit without paying the filing fee. After reviewing her Application and financial affidavit in support, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** her Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is further advised that although she has

1

been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a 28 U.S.C. § 1915(e)(2) review of the claims made in the Complaint and recommends that Plaintiff's claims be dismissed. Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

## II.   Section 1915(e)(2) Frivolousness Review

### A.   Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, a plaintiff's pro se status does not offer her "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff alleges that on June 16, 2020, a "nurse practitioner or M.D." at the Baylor Scott and White ("BSW") Clinic, located at 200 East Cesar Chavez St., in Austin, Texas (the "Clinic"), denied her twelve-year-old daughter, A.L., a "psychiatric evaluation as a patient of [the] facility in retaliation with Austin Police Department and DFPS staff." Dkt. 1 at 4-5.[1] Plaintiff further alleges that the medical staff denied her access to A.L. for approximately three hours while they were at the Clinic. *Id.* at 5-6. Plaintiff alleges that she suffered an anxiety attack because of the medical staff's actions.

On June 26, 2020, Plaintiff filed this civil rights lawsuit, pursuant to 42 U.S.C. § 1983, against BSW Clinic and numerous BSW employees, including unnamed physicians, nurse practitioners, nurses, CEO Jim Hinton, President Pete McCanna, Chief Nursing Officer Janice Walker, Chief Medical Officer Alejandro Arroliga, President and Chief Clinical Officer F. David Winter, and Chief Legal Officer Jennifer Brown (collectively, "Defendants"). Plaintiff alleges that Defendants' actions constitute a violation of 18 U.S.C. § 242.

Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" to redress the deprivation of rights secured

---

[1] Plaintiff has filed a lawsuit against multiple state and municipal officials related to the events giving rise to this lawsuit. *See Lawson v. Talbert*, Case No. 1:20-CV-0658-LY-SH (W.D. Tex. June 22, 2020).

by the United States Constitution or federal law. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a § 1983 claim, the plaintiff must show that: (1) the offending conduct was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or federal law. *Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

Plaintiff alleges Defendants' actions in this case violated 18 U.S.C. § 242. However, § 242 is a criminal statute that does not provide a basis for civil liability. *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22, 1993 WL 456323, at *1 (5th Cir. 1993)). In addition, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Id.* (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, Plaintiff's sole claim in this lawsuit should be dismissed as "legally frivolous." *Id.* at 263. Plaintiff makes no other reference to statutory or constitutional violations carried out by Defendants and therefore has not pled sufficient facts to support a claim under § 1983. *Ali*, 1993 WL 456323, at *1; *Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir. 1989); *Gill*, 153 F. App'x at 262; *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997).

### III.  Appointment of Counsel

Plaintiff also filed a Motion for Appointment of Counsel. A petitioner has no constitutional right to the appointment of counsel in connection with a civil rights action under § 1983. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Absent "exceptional circumstances," the district court is not required to appoint counsel for an indigent plaintiff asserting a civil rights claim. *Id.* Plaintiff's pleadings have failed to state a claim and should be dismissed under 28 U.S.C.

§ 1915(e)(2)(B)(ii). Accordingly, exceptional circumstances do not exist in this case and Plaintiff's Motion for Appointment of Counsel (Dkt. 3) is **DENIED**.

## IV. Order and Recommendation

Based on the foregoing, the undersigned **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) but **RECOMMENDS** that the District Court **DISMISS** with prejudice Arlenda Lawson's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, the undersigned **DENIES** Plaintiff's Motion for Appointment of Counsel (Dkt. 3).

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 20, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE